On the merits, it was contended by the appellant’s counsel, that the entry of Wise before the expiration of the lease to Cooke, his renting the property as his own, and promising "*to indemnify Grover-man against the distress made by Cooke, who, he said, had nothing to do with the premises, amounted to an eviction, which not only suspended but extinguished the rent; that Cooke was deprived of the right of distress, for the rent due prior to the 12th of May, 1797, in consequence of the re-entry of Wise, on that day, by an agreement between M’Rae and him, to which Cooke .was not privy, and by which the seisin was restored to Wise. If a landlord enter, with the connivance of a subtenant, it is an eviction; and this action being founded on a writing not under seal, the plea of nil debet was proper, under which the defendant might shew in evidence any thing to prove that he was not liable, (a)
For the appellee, it was argued, that he (Wise) was the mere agent of M’Rae, the under tenant of Cooke; that Cooke might justly be regarded by Wise as his tenant for the whole term, and liable to him for the rent: that the entry of Wise was not tortious, but for the benefit of Cooke, who had made an advantageous lease of the same premises for the remainder of the term, and sanctioned the agency of Wise, by receiving of Groverman, on M’Rae’s order, and with Wise’s consent, the whole of the rent due from Groverman, at the expiration of the lease.
As to the admissibility of the evidence; no evidence, tending to prove an eviction, ought to have been received after the plea was withdrawn, because it was a declaration to the plaintiff, that the defendant did not mean to rely on any matter of defence arising from that plea. Both on principle and authority, the defendant ought to apprize the plaintiff of the grounds of his de-fence ;(b) and, in reference to such cases as this, it is held, that an entry by the lessor, and an eviction by him, ought to be pleaded, (c)
It was no objection to the verdict, that the Jury had found the interest in damages. Although interest was not demand-able, of course, for rent, yet the Jurj' might find what damages they pleased. Perhaps it would be otherwise before a Commissioner in Chancery.
*In reply, it was said, by Wickham, that the case in Cowper was in re-plevin, and turned entirely upon the pleadings. The question, whether, upon the plea of nil debet, the defendant could give an eviction in evidence, never occurred. The plaintiff, in replevin, undertook to plead specially, and pleaded matter, which, upon demurrer, was held to be a mere trespass and - not an eviction. Viner, in his 12th vol. 161, cites Owen, a more ancient authority than those quoted by the appellant’s counsel. But the case in Owen might have been a demise in writing, under seal; in which case, it was admitted, the defendant ought to confess and avoid ; and thus all the authorities would be reconciled ; but this, being on an instrument, not under seal, was of no greater dignity than mere parol.
Interest was not demandable on rents, because rent and interest were profits; and on the same principle that interest cannot be demanded on interest, so it cannot be given on rents.
At a subsequent day, the Court requested the counsel to examine the authorities, whether, in an action of debt for rent, the plaintiff could recover interest.
Hay admitted that interest on rents was not demandable as a matter of course, but might be allowed upon circumstances, in the same manner as interest upon interest might be given. In the latter case, it was discretionary with a Court of Chancery; and, in the former, if the Jury allow interest, it is presumable, that it is upon circumstances proved before them. But this being an action of debt for a specific sum, the Jur3r had a right to give damages for the detention; and their naked finding precluded all further inquiry. It is the invariable usage of this country to give interest upon an account for goods sold, though it is not allowed in Rngland ;(d) and our act of Assembly(e) recognises the principle, that interest may be allowed for rent; since it authorises the tenant to replevy the goods distrained, on giving bond with security, for the principal sum and ^interest payable at the end of three' months. He cited 1 Fonb. 148, 2 Call, 249, Graham v. Woodson; 2 Bac. Abr. Gwil. edit. 277, tit. “Damages,” let. (F) ; 2 Com. Dig. by Rose, 547, tit. “Chancery,” (3 S. 3;) Doug. 375, Kddowes and another v. Hopkins, &c.
Call, on the other side, observed, that he could add nothing to the reasons assigned by the president, in delivering the resolution of the Court, in Skipwith v. Clinch, (f) that the plaintiff was not entitled to interest on the arrearages of rent, because he might have distrained, and should not be permitted to lie by, and let the interest accumulate.
Thursday, March 23, 1809. The President, pro tern.
(JUDGR FILMING),
delivered the unanimous opinion of the court, (1) *731 that the judgment be reversed, and a new trial ^awarded, unless the plaintiff would release the damages given by way of interest.

 12 Vin. 193; Ibid. 194, pi. 14, cites 1 Mod. 118, Brown’s case; Ibid. 3B, Anonymous, S. P.: 1 Sid. 151, Drake v. Beere, nota.; 1 Vent. 258, Anonymous, S. P. in a nota.

 1 Esp. N.P. 232, 235.

 Cowp. 243, per Ld. Massiteld, in Hunt v. Cope; 12 Vin. 161, pl. 4, cites Owen, 55, Anonymous.

 3 Wils. 205, 206, Blancey &c. v. Hendrick.

 Rev. Code, v. 1, c. 89. s. 1. p. 153.

 2 Call, 257.

 The reporters having- been favoured with a note of the opinion delivered by Judge Tucker, on the merits of this case, in the District Court, have obtained his permission to punish it.
Judge Tuoker. l. The first point in this case seems to be, whether the parol demise from Cooke M’Rae, was an under lease only, or an assignment of his whole interest therein. If it wer$ an assignment, the agreement between M’Rae and the plaintiff, and the subsequent lease from the plaintiff to Groverman, would operate as a surrender of the premises to the plaintiff, and consequently discharge the defendant from any liability to him; if an under lease only, the act of the under tenant could not, of itself, affect the contract between the lessor and the lessee.
If a lessee grant to another his whole term, it seems to have been decided in a late case, (Palmer v. Edwards, Doug. 186, in notes,) that it is an assignment, although a greater rent be reserved and payable to the original lessee. But if the lessee reserve *731 any part of the term, (even a single day,) it seems to be considered as an under lease only, and not as an assignment (1 Esp. N. P.276; 1 Strange, 405, Poulteney v. Holmes; Douglas, 184, Holford v. Hatch).
But. in order to constitute an assignment of a lease or covenant, it seems to me to be necessary, that the assignment even of the whole term should be made by deed, or at least by an instrument in writing, and not by parol only. For it seems to be agreed, that wherever there is an assignment, the original lessor or lessee, or their assigns, may sue or be sued by the assignee of either, upon any of the covenants contained in the original lease. (Douglas, 188, in notes.) Now this I apprehend can never be the case unless a privity of contract be created by a written contract (at least) between the assignor and the assignee. For if possession only could charge the assignee of the original tenant, how could.an under tenant be distinguished from an assignee? i must presume, then, that in order to charge the tenant in possession as assignee, an assignment by deed, or some instrument in writing, at least, is necessary. On the other hand, if the tenant in possession wishes to avail himself of any of the covenants or agreements contained in the original lease, against the lessor or his assigns, he likewise must shew a deed or some instrument in writing in order to entitle himself thereto.
Objection. If the lease contain a clause of forfeiture, and re-entry by the lessor, in case some of the covenants in the lease be not duly performed, cannot the lessor enter upon the under tenant for the forfeiture as well as if he were an assignee of the whole term? Certainly. For the possession of the undertenant is by virtue of the license from the lessee, and is construed as his possession merely. But the under tenant of the lessee does not acquire any right under the lease to the original lessee, but the mere right of possession so long as the covenants on the part of the lessee remain unbroken, and no longer.
2. The 2d point is, whether the demise from Cooke to M’Rae, being a mere derivative lease or sub-tency, and not an assignment, the surrender of the possession by M’Rae to the plaintiff could operate as a surrender of the lease or term itself.
M'Rae not being restrained from demising the premises to any other person if he thought proper, might lawfully have demised or assigned his interest in the premises to any other person whatsoever. But such demise would not have discharged M’Rae of his agreement with Cooke, nor have avoided Wise's lease to Cooke. The agreement then between Wise and M’Rae, who was a mere subtenant of Cooke’s, could not of itself, in any manner affect Cooke’s interest in the lease The yielding up the possession to Wise, although Wise was the owner of the premises, was not of itself a surrender of the lease or term, but merely of M'Rae’s interest therein; and, unless Wise did some actas against Cooke, which evinced his determination to enter as landlord, and avoid the lease to Cooke, his possession was to be regarded merely as the possession of M’Rae under Cooke’s demise, and not as an acceptance of a surrender of the premises, and of the lease to Cooke. (Gilb. L. of Rents, 180, 181, cites Ventr. 276.) And although Wise did demise the premises to Groverman for a longer period than he was entitled to under Cooke’s lease to M’Rae, and M’Rae's to him, yet as Cooke had not reserved any part of the term to himself, Wise might without injury to him include the whole period unexpired, in his lease to Groverman; for having under M’Rae’s surrender of the possession, a lawful right to enter and hold until the full and complete end of Cooke’s term, and the immediate reversion being in himself, he might, I apprehend, lawfully redemise the premises to Groverman, provided in so doing he evinced no intention to injure Cooke or put an end to his interest in the lease. I am therefore led to conclude that the conduct of Wise in taking from M'Rae the possession of the premises, and redemis-ing them to Groverman, even for a longer period, if coupled with circumstances which repel the conclusion that he accepted the possession as a surrender of the lease, and with a view to avoid the remainder of Cooke’s term, is not (of itself) sufficient to discharge Cooke from his liability to pay the rent for the residue of the term contained in his lease.
3. hei us then, examine the evidence upon this point.
M’Rae gives Cooke an order on Groverman the day after Cooke's term expired for the whole rent that Groverman thought had then accrued; which Groverman (with the knowledge and by tlie direction of the plaintiff) paid to Cooke accordingly, thereby shewing that M’Rae, Groverman. and the plaintiff, all admitted Cooke to be entitled to the rent up to the end of his term. If the plaintiff had considered the possession acquired from M’Rae as a surrender of Cooke’s term, would he have directed Groverman to pay the money? If M’Rae had not considered himself as still Cooke’s derivative tenant, and Groverman as his own sub-tenant, would he have given the order which he did upon Groverman? If Groverman had not understood from the plaintiff that Cooke was entitled to the rent up to the 3d of October, and moreover to have the payment made immediately after, would he have paid M’Rae’s order to Cooke? Especially at the end of less than Uve months, instead of the year or half year, would he have paid that order at the time he did? Certainly not. If Cooke had conceived himself to have been ousted by the plaintiff, would he have made the distress he did upon Groverman? Certainly not. It certainly, then, was understood by all parties at that time, that Cooke’s interest in the term still subsisted; that his right to receive the rent from M’Rae and his sub-tenant still subsisted; and consequently that his liability to Wise for his rent reserved, still subsisted. Upon this view of the question, I conceive we must affirm the judgment.— Note in Original Edition.